**LEWIS BRISBOIS BISGAARD & SMITH LLP**
TIMOTHY R. WINDHAM, SB# 198358
  E-Mail: Timothy.Windham@lewisbrisbois.com
MELISSA T. DAUGHERTY, SB# 227451
  E-Mail: Melissa.Daugherty@lewisbrisbois.com
KERRI R. LUTFEY, SB# 286164
  E-Mail: Kerri.Lutfey@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendants LA CLIPPERS LLC, L.A. ARENA COMPANY, LLC, and L.A. SPORTS PROPERTIES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK WILLITS, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>L.A. Arena Company, LLC, a California Limited Liability Company; Live Nation Entertainment, Inc., a Delaware Corporation; L.A. Sports Properties, Inc., a California Corporation; LA Clippers LLC, a Delaware Limited Liability Company; and Does 1-10, inclusive,<br><br>    Defendants. | CASE NO. 2:15-cv-02415-ODW (AS)<br><br>[Assigned to the Honorable Otis D. Wright, II]<br><br>**ANSWER OF DEFENDANT L.A. SPORTS PROPERTIES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: April 1, 2015<br>Trial Date:    None Set |

Defendant L.A. SPORTS PROPERTIES, INC. (hereinafter "Defendant") answers Plaintiff MARK WILLITS's ("Plaintiff") Complaint by admitting, denying and alleging as follows:

## JURISDICTION AND VENUE

1. In answer to Paragraph 1 of the Complaint, Defendant admits that the court has subject matter jurisdiction over this action for claims filed under the

Americans with Disabilities Act of 1990. In answer to the remaining allegations contained in this Paragraph of the Complaint, Defendant admits the allegations contained therein.

### SUPPLEMENTAL JURISDICTION

2. In answer to Paragraph 2 of the Complaint, Defendant states that this paragraph contains Plaintiff's supplemental jurisdiction allegations, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations except to admit that this Court has jurisdiction over the subject matter of Plaintiff's claims and may have supplemental jurisdiction until such time as his federal claims are moot.

### NAMED DEFENDANTS AND NAMED PLAINTIFF

3. In answer to Paragraph 3 of the Complaint, Defendant is not required to answer legal conclusions and argument, and on that basis denies each and every allegation contained therein.

4. In answer to Paragraph 4 of the Complaint, Defendant denies each and every allegation contained therein.

5. In answer to Paragraph 5 of the Complaint, Defendant states that this paragraph does not contain any factual statements, and thus no response is required.

6. In answer to Paragraph 6 of the Complaint, Defendant states that this paragraph contains Plaintiff's theories of liability as to Defendant's business capacity which requires no response.

7. In answer to Paragraph 7 of the Complaint, Defendant denies each and every allegation contained therein.

### CONCISE SET OF FACTS

8. In answer to Paragraph 8 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

9. In answer to Paragraph 9 of the Complaint, Defendant is without

1  sufficient knowledge or information to form a belief as to the truth of these
2  allegations and on that basis denies each and every allegation contained therein.
3      10.   In answer to Paragraph 10 of the Complaint, Defendant denies each and
4  every allegation contained therein.
5      11.   In answer to Paragraph 11 of the Complaint, Defendant is without
6  sufficient knowledge or information to form a belief as to the truth of these
7  allegations and on that basis denies each and every allegation contained therein.
8      12.   In answer to Paragraph 12 of the Complaint, Defendant is without
9  sufficient knowledge or information to form a belief as to the truth of these
10 allegations and on that basis denies each and every allegation contained therein.
11     13.   In answer to Paragraph 13 of the Complaint, Defendant is without
12 sufficient knowledge or information to form a belief as to the truth of these
13 allegations and on that basis denies each and every allegation contained therein.
14     14.   In answer to Paragraph 14 of the Complaint, Defendant is without
15 sufficient knowledge or information to form a belief as to the truth of these
16 allegations and on that basis denies each and every allegation contained therein.
17     15.   In answer to Paragraph 15 of the Complaint, Defendant is without
18 sufficient knowledge or information to form a belief as to the truth of these
19 allegations and on that basis denies each and every allegation contained therein.
20     16.   In answer to Paragraph 16 of the Complaint, Defendant is without
21 sufficient knowledge or information to form a belief as to the truth of these
22 allegations and on that basis denies each and every allegation contained therein.
23     17.   In answer to Paragraph 17 of the Complaint, Defendant is without
24 sufficient knowledge or information to form a belief as to the truth of these
25 allegations and on that basis denies each and every allegation contained therein.
26     18.   In answer to Paragraph 18 of the Complaint, Defendant is without
27 sufficient knowledge or information to form a belief as to the truth of these
28 allegations and on that basis denies each and every allegation contained therein.

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

19. In answer to Paragraph 19 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

20. In answer to Paragraph 20 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

21. In answer to Paragraph 21 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

22. In answer to Paragraph 22 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

23. In answer to Paragraph 23 of the Complaint, Defendant denies that at each game Plaintiff attended he was segregated, forced to endure frustration and waste time being treated as a second class citizen based solely on the ticketing policies at issue.  In answer to the remaining allegations contained in this Paragraph of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every remaining allegation contained therein.

24. In answer to Paragraph 24 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

25. In answer to Paragraph 25 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

28. In answer to Paragraph 28 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

29. In answer to Paragraph 29 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

30. In answer to Paragraph 30 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

31. In answer to Paragraph 31 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

32. In answer to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations and on that basis denies each and every allegation contained therein.

33. In answer to Paragraph 33 of the Complaint, Defendant denies each and every allegation contained therein.

34. In answer to Paragraph 34 of the Complaint, Defendant denies each and every allegation contained therein.

35. In answer to Paragraph 35 of the Complaint, Defendant denies each and every allegation contained therein.

36. In answer to Paragraph 36 of the Complaint, Defendant states that this paragraph does not contain any factual statements, and thus no response is required.

37. In answer to Paragraph 37 of the Complaint, Defendant denies each and every allegation contained therein.

# FIRST CLAIM
# AGAINST ALL DEFENDANTS

(*For Discriminatory Practices in Public Accommodations;*

*Violation of the Americans with Disabilities Act of 1990*)

38.   In answer to Paragraph 38 of the Complaint, Defendant states that this paragraph contains a recital of the allegations in paragraphs 1 through 38.  Based on the foregoing, Defendant re-pleads and incorporates by reference, as if fully set forth again herein, its responses contained in paragraphs 1 through 37 of this Answer as set forth above, and denies each and every allegation set forth in Paragraph 38.

39.   In answer to Paragraph 39 of the Complaint, Defendant states that this paragraph contains legal conclusions and argument, and thus requires no response

40.   In answer to Paragraph 40 of the Complaint, Defendant states that this paragraph contains the requirements of the ADA and thus requires no response.

41.   In answer to Paragraph 41 of the Complaint, Defendant re-pleads and incorporates by reference, as if fully set forth again herein, its responses to paragraphs 1 through 40 above, and denies each and every allegation set forth in Paragraph 41.

42.   In answer to Paragraph 42 of the Complaint, Defendant re-pleads and incorporates by reference, as if fully set forth again herein, its responses to paragraphs 1 through 41 above, and denies each and every allegation set forth in Paragraph 42.

# SECOND CLAIM
# AGAINST ALL DEFENDANTS

(*For Denial of Full and Equal Access in Violation of*

*California Civil Code Sections 54 and 54.1*)

43.   In answer to Paragraph 43 of the Complaint, Defendant states that this paragraph contains a recital of the allegations in paragraphs 1 through 42.  Based on the foregoing, Defendant re-pleads and incorporates by reference, as if fully set forth

again herein, its responses to paragraphs 1 through 42 above, and denies each and every allegation set forth in Paragraph 43.

44. In answer to Paragraph 44 of the Complaint, Defendant states that this paragraph contains legal conclusions and argument, as well as the requirements of the Disabled Persons Act, and thus requires no response.

45. In answer to Paragraph 45 of the Complaint, Defendant states that this paragraph contains legal conclusions and argument, as well as the requirements of the Disabled Persons Act, and thus requires no response.

46. In answer to Paragraph 46 of the Complaint, Defendant states that this paragraph contains a summary of the implications of the Americans with Disabilities Act of 1990 and the Disabled Persons Act, which requires no response.

47. In answer to Paragraph 47 of the Complaint, Defendant states that this paragraph contains the consequences for violating the Americans with Disabilities Act of 1990 and the Disabled Persons Act, which requires no response.

48. In answer to paragraph 48 of the Complaint, Defendant denies each and every allegation contained therein.

## THIRD CLAIM
## AGAINST ALL DEFENDANTS

*(For Violation of Section 51 of the California Civil Code)*

49. In answer to Paragraph 49 of the Complaint, Defendant states that this paragraph contains a recital of the allegations in paragraphs 1 through 48. Based on the foregoing, Defendant re-pleads and incorporates by reference, as if fully set forth again herein, and denies each and every allegation set forth in Paragraph 49.

50. In answer to Paragraph 50 of the Complaint, Defendant states that this paragraph contains legal conclusions and argument, and thus requires no response

51. In answer to Paragraph 51 of the Complaint, Defendant states that this paragraph contains the requirements of California Civil Code section 51, which requires no response.

52. In answer to Paragraph 52 of the Complaint, Defendant states that this paragraph contains a summary of the implications of the Americans with Disabilities Act of 1990, which requires no response.

53. In answer to Paragraph 53 of the Complaint, Defendant states that this paragraph contains the consequences of violating the California Civil Code section 52, which requires no response.

54. In answer to Paragraph 54 of the Complaint, Defendant denies each and every allegation contained therein.

## FOURTH CLAIM
## AGAINST ALL DEFENDANTS
*(For Negligence Per Se)*

55. In answer to Paragraph 55 of the Complaint, Defendant states that this paragraph contains a recital of the allegations in paragraphs 1 through 53. Based on the foregoing, Defendant re-pleads and incorporates by reference, as if fully set forth again herein, its responses to paragraphs 1 through 53 above.

56. In answer to Paragraph 56 of the Complaint, Defendant states that this paragraph contains the requirements of California Civil Code sections 51 and 54, which requires no response.

57. In answer to Paragraph 57 of the Complaint, Defendant denies each and every allegation contained therein.

58. In answer to Paragraph 58 of the Complaint, Defendant denies each and every allegation contained therein.

### Prayer For Relief

The remainder of Plaintiff's Complaint contains Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies each and every allegation contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever. Except as expressly admitted above, Defendant denies each and every allegation contained in Plaintiff's Complaint.

## GENERAL AND AFFIRMATIVE DEFENSES

1.  Plaintiff's Complaint, and each and every claim contained therein, fails to state facts sufficient to state a claim upon which relief may be granted to the extent that it is based on alleged violations in the construction or alteration of the premises and/or ticketing policies because some or all of those obligations alleged in the Complaint are or were the obligations of others who owned, controlled, operated, designed and/or constructed the property and/or the ticketing policies.

2.  Assuming *arguendo* that Plaintiff is a person with a disability, Plaintiff lacks standing to pursue his alleged claims because, on information and belief, he either did not encounter them personally, or would not be expected to encounter them again, they did not interfere with his ability to use the services at the subject property, or because they do not relate to his disability, among other reasons. To show standing, "a plaintiff has the burden of proving: (1) that he or she suffered an "injury in fact," (2) a causal relationship between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision." (Lugan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).) To satisfy the "injury in fact" element of standing in a barrier case, an ADA plaintiff must demonstrate that he is likely to return to patronize the accommodation in question. (Wilson v. Kayo Oil Co., 535 F.Supp.2d 1063, 1067, 1070 (S.D. Cal. 2007) (stating that "ADA plaintiff cannot manufacture standing to sue in a federal court by simply claiming that he intends to return to the facility."))

3.  Plaintiff's claims are barred to the extent that they are based on visits to the subject facility more than two years prior to the date the Complaint was filed. (Cal. Civ. Code § 335.1; see, e.g., Californians for Disability Rights, Inc. v. California Dept. of Transp., 2009 U.S. Dist. LEXIS 91490, *4 (N.D. Cal. Sept. 14, 2009)) (stating that "[m]ost district courts have ruled that California's two-year limitations period for personal injury actions applies to federal disability discrimination claims brought in California").)

4. The purported architectural barriers provide effective access to Plaintiff. Even if the features alleged in the Complaint did not comply with applicable access standards, the features nonetheless provided effective access to Plaintiff because any alleged non-compliance was *de minimis*, the features were usable and accessible despite their alleged noncompliance, and/or Plaintiff was able to use and access the features. This defense is pled in the alternative and does not admit that any violation existed.

5. Some or all of the barrier removal proposed by Plaintiff are not readily achievable or easily accomplishable, or are technically infeasible, because, among other reasons, Defendant does not own, lease, operate, or control all of the property involved. Moreover, the removal of the alleged barriers identified in the Complaint is not readily achievable and/or able to be carried out without much difficulty or expense when taking into account the factors set forth in 42 U.S.C. § 12181.

6. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because full compliance with the accessibility requirements for the alleged barriers identified in the Complaint would be structurally impracticable.

7. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because any "alterations" to the subject property, including to the features alleged in the Complaint, were made to ensure that the subject property would be readily accessible to the maximum extent feasible. (28 C.F.R. § 36.402.) This defense is pled in the alternative and does not admit that any violation existed or that Defendant made any "alterations" within the meaning of disability access laws.

8. Defendant alleges based upon information and belief that it and its agents, if any, accommodated or were ready and willing to accommodate Plaintiff's alleged disability by providing access via "alternative methods" other than the removal of alleged architectural barriers (42 U.S.C. § 12182), such as through

customer services and sales assistance.

9. To the extent that any of Plaintiff's claims require an element of intent, Defendant did not engage in intentional discrimination entitling Plaintiff to recovery of damages. Defendant and its agents, if any, acted reasonably and in good faith at all times material herein, based on all relevant facts, law, and circumstances known by them at the time that Defendant acted and thus Plaintiff is barred from any recovery in this action.

10. Defendant alleges upon information and belief that Plaintiff has failed to act reasonably to mitigate any damages that he has alleged in this action, if any at all, or that his claims are barred by the doctrines of estoppel and/or unclean hands. Plaintiff failed to request any reasonable modification or policies, procedures, or practices, and/or failed to provide sufficient notice to enable Defendant to remove the alleged barriers and/or provide alternatives and failed to provide any information to enable Defendant to be aware of or investigate Plaintiff's concerns. Plaintiff also had available remedies and complaint procedures available to him through Defendant, and through other administrative means, that did not require filing a lawsuit and incurring legal fees. Plaintiff chose not to use those available remedies or provide any other notice or opportunity to cure to Defendant.

11. Some or all of the "barriers" identified in the Complaint are not "barriers" within the meaning of the applicable rules, regulations, or statutes because they are within permissible state and federal dimensional tolerances. Alternatively, the "barriers" did not interfere with Plaintiff's access to goods and/or services at the subject facility. This defense is pled in the alternative and does not admit that any violation existed.

12. Defendant's conduct was privileged because it was undertaken pursuant to the terms of the applicable laws, regulations, orders, and approvals relating to building construction and/or fire safety and public safety.

13. The allegations of the Complaint, and each purported cause of action

ANSWER OF DEFENDANT L.A. SPORTS PROPERTIES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

contained therein, are not pled with sufficient particularity and are uncertain, vague, ambiguous and unintelligible.

14. Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because Defendant's activities undertaken with respect to Plaintiff, if any, were based upon legitimate business interests unrelated to Plaintiff's alleged disability or other asserted protected status. (See Hankins v. El Torito Rests (1998) 63 Cal.App.4th 510, 520.)

15. Plaintiff's Complaint, and each and every claim contained therein, is barred, in whole or in part, because Defendant's policies or practices bear a reasonable relation to commercial objectives appropriate to an enterprise serving the public. (See Harris v. Capital Growth Investors (1991) 52 Cal.3d 1142, 1165.)

16. Defendant alleges upon information and belief that any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because full compliance with the standards for the alleged architectural barriers identified in the Complaint would be technically infeasible.

17. Defendant alleges upon information and belief that insofar as Defendant has not made alterations to the facilities at issue, which Plaintiff contends should have been made, those changes were not and are not required under federal or California law, and any requirements to make those changes would impose an undue burden upon Defendant.

18. Defendant alleges based upon information and belief that Plaintiff has waived any and all claims that he may have had or has against Defendant arising from the transactions and occurrences contained in the Complaint.

19. Defendant alleges based upon information and belief that Plaintiff is estopped by his own conduct from asserting any and all claims he may have or has against Defendant arising from the transactions and occurrences contained in the Complaint.

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

4837-6942-4166.1

12

Case No. 2:15-cv-02415-ODW (AS)
ANSWER OF DEFENDANT L.A. SPORTS PROPERTIES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

20. Defendant alleges based upon information and belief that Plaintiff has failed to join indispensable persons and parties needed for a full and just adjudication of the purported causes of action asserted in the Complaint.

21. Defendant alleges based upon information and belief that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Laches.

22. Defendant alleges based upon information and belief that Plaintiff's Complaint is barred, in its entirety, by the Doctrine of Waiver.

23. Defendant alleges based upon information and belief that Plaintiff, at all relevant times, gave his consent, express or implied, to the alleged acts, omissions, and/or conduct of Defendant.

24. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because the relief demanded in the Complaint would, if granted, result in a fundamental alteration of Defendant's services.

25. Defendant alleges based upon information and belief that Plaintiff has not suffered any damage as a result of any actions or inactions taken by Defendant, and Plaintiff is thereby barred from asserting any claim against Defendant.

26. In the event that Defendant is in some manner found legally responsible for damages allegedly sustained by Plaintiff, and such damages were proximately caused or contributed to by Plaintiff and/or third parties, Defendant should be indemnified by Plaintiff and/or such third parties. This defense is alleged in the alternative and does not admit any of the allegations contained in the Complaint.

27. Any allegedly wrongful acts or omissions performed by Defendant or its agents, if any, do not subject Defendant to liability because Defendant provided equivalent facilitation with respect to the barriers alleged in the Complaint.

28. Defendant alleges based upon information and belief that Plaintiff's claims are barred because Defendant made and/or was willing to make reasonable modifications to its policies, practices, and/or procedures to accommodate Plaintiff's

1  alleged disabilities.  This defense is alleged in the alternative and does not admit any
2  of the allegations contained in the Complaint.
3       29.   Plaintiff's claims may be barred by any or all of the affirmative
4  defenses contemplated by Rules 8 and 12 of the Federal Rules of Civil Procedure.;
5  however, the extent to which Plaintiff's claims may be barred cannot be determined
6  until Defendant has had an opportunity to complete discovery.  Therefore,
7  Defendant incorporates all such affirmative defenses as though fully set forth herein.

## **DEMAND FOR JURY**

Defendant hereby demands a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure on all issues raised in Plaintiff's Complaint.

DATED: August 12, 2015          LEWIS BRISBOIS BISGAARD & SMITH LLP


                                By:    /s/ Melissa T. Daugherty
                                       Timothy R. Windham
                                       Melissa T. Daugherty
                                       Kerri R. Lutfey
                                       Attorneys for Defendants LA CLIPPERS
                                       LLC, L.A. ARENA COMPANY, LLC, and
                                       L.A. SPORTS PROPERTIES, INC.

# FEDERAL COURT PROOF OF SERVICE

Mark Willits v. L.A. Arena Company, LLC, et al.

Case No. 2:15-cv-02415-ODW-AS

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 12, 2015, I served the following document(s): **ANSWER OF DEFENDANT L.A. SPORTS PROPERTIES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**SEE ATTACHED SERVICE LIST**

The documents were served by the following means:

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on August 12, 2015, at Los Angeles, California.

*/s/ Mary Ann Campi*
Mary Ann Campi

---

4837-6942-4166.1                                           Case No. 2:15-cv-02415-ODW (AS)
ANSWER OF DEFENDANT L.A. SPORTS PROPERTIES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW

# SERVICE LIST
## Mark Willits v. L.A. Arena Company, LLC, et al.
### 2:15-cv-02415-ODW-AS

| | |
|---|---|
| CENTER FOR DISABILITY ACCESS<br>Ray Ballister, Jr., Esq.<br>Mark Potter, Esq.<br>Phyl Grace, Esq.<br>Dennis Price<br>Mail: PO Box 262490<br>San Diego, CA 92196-2490<br>Delivery: 9845 Erma Road, Suite 300<br>San Diego, CA 92131<br>Tel: (858) 375-7835<br>Fax: (888) 422-5191 | *Attorneys for Plaintiff MARK WILLITS* |
| Andrea F. Oxman<br>Klinedinst PC<br>777 S. Figueroa Street, Suite 2800<br>Los Angeles, CA 90017<br>Tel: (213) 406-1100<br>Fax: (213) 406-1101<br>E-Mail: aoxman@klinedinstlaw.com | *Attorneys for Defendant L.A. SPORTS PROPERTIES, INC.* |

4837-6942-4166.1

Case No. 2:15-cv-02415-ODW (AS)

ANSWER OF DEFENDANT L.A. SPORTS PROPERTIES, INC. TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW